RICHMAN, BERENBAUM & ASSOCIATES, PC
A Professional Corporation
Two Penn Center
1500 J.F.K. Boulevard, Suite 411
Philadelphia, PA 19102
215-985-1300 (telephone)
215-985-2865 (facsimile)
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY (CAMDEN VICINAGE)

|  |  |
|---|---|
| DESMOND NEWBILL<br>SHAWNA BOYCE,<br>MARY BURTON, NEWBILL,<br><br>       Plaintiffs,<br><br>  vs.<br><br>WALGREEN CO.,<br>CHERRY HILL TOWNSHIP,<br>CHERRY HILL POLICE DEPARTMENT,<br>GANNETT CO., INC.,<br>CBS CORPORATION,<br>THE WALT DISNEY COMPANY,<br>COMCAST CORPORATION,<br>TWENTY-FIRST CENTURY FOX, INC.,<br>JOHN DOE INDIVIDUALLY 1 - 5,<br>JOHN DOE INDIVIDUALLY 6 - 10,<br>JOHN DOE INDIVIDUALLY 11 - 15,<br>JOHN DOE INDIVIDUALLY 16 - 20,<br>JOHN DOE INDIVIDUALLY 21 - 25,<br>JOHN DOE INDIVIDUALLY 26 - 30,<br>JOHN DOE INDIVIDUALLY 31 - 35,<br>JOHN DOE INDIVIDUALLY 35 - 40,<br>JOHN DOE CORPORATIONS 40 - 45,<br>Individually, jointly, severally,<br>and in the alternative,<br><br>       Defendants. | **CIVIL ACTION**<br><br>**DOCKET NO.** _____<br><br><br><br>**COMPLAINT and JURY DEMAND** |

# I

## PRELIMINARY STATEMENT

Plaintiffs, Desmond Newbill, Mary Burton-Newbill and Shawna Boyce individually, by and through his attorney of record, brings this action against All Defendants individually, jointly, severally, and in the alternative.

Plaintiffs seek an amount in controversy in excess of $75,000.00, exclusive of interest and costs.and states as follows:

# II

## THE PARITES

1.     Plaintiff, Desmond Newbill, ("Plaintiff, Desmond Newbill"), is an individual, and citizen of the City of Camden, County of Camden, State of New Jersey, and at all times mentioned in this complaint resided at 1324 Sheridan Street, Camden, New Jersey.

2.     Plaintiff, Shawna Boyce, ("Plaintiff, Shawna Boyce"), is an individual, who at the time of the factual allegations mentioned in this complaint resided in the City of Camden, County of Camden, State of New Jersey.  Currently, Plaintiff Shawna Boyce resides at 912 E. Hazeldel Avenue, New castle, DE 19720.

3.     Plaintiff, Mary Burton-Newbill, ("Plaintiff, Mary Burton-Newbill"), is an individual, and citizen of the City of Camden, County of Camden, State of New Jersey, and at all times mentioned in this complaint resided at 1324 Sheridan Street, Camden, New Jersey.

4.      Defendant, Walgreen Co. ("Defendant, Walgreen Co."), is a nationally recognized drug store chain incorporated and existing under the laws of the State of Illinois.  Its corporate headquarters is located at 108 Wilmot Road Deerfield, IL 60015.

5.      Defendant, Cherry Hill Township ("Defendant, Township"), is a municipal corporation and a political subdivision of the County of Camden and State of New Jersey with its municipal building located at 820 Mercer Street, Suite 105, Cherry Hill, NJ  08002.

6.      Defendant, Cherry Hill Police Department ("Defendant, Police Department"), is a division of Defendant, Township established pursuant township code and under the supervisory authority of Defendant, Township with is headquarters located 820 Mercer Street, Cherry Hill, NJ  08002.

7.      Defendant, Gannett Co., Inc., Inc. ("Defendant, Garnett Co., Inc."), is a media and marketing solutions company, with a diverse portfolio of broadcast, digital, mobile and publishing companies.  Defendant, Gannett Co., Inc. owns and operates the Courier Post Newspaper.   Defendant, Gannett Co., Inc. corporate headquarters is located at 7950 Jones Branch Drive McLean, VA 22107.

8.      Defendant, CBS Corporation ("Defendant, CBS Corporation"), is one of the world's leading media companies.  CBS Television Stations is a subsidiary of Defendant, CBS Corporation, which owns and operates KYW-TV CBS 3. Defendant, CBS Corporation corporate headquarters is located at 51 W. 52nd Street, New York, NY 10019.

9.     Defendant, The Walt Disney Company ("Defendant, The Walt Disney Company"), is composed of Walt Disney Company's global entertainment and news television properties and owns and operates WPVI-TV ABC 6.   Defendant, The Walt Disney Company corporate headquarters is located at 500 South Buena Vista Street, Burbank, CA 91521.

10.     Defendant, Comcast Corporation ("Defendant, Comcast Corporation"), is a global media and technology company.   NBC Universal Media, LLC is a subsidiary of Defendant, Comcast Corporation, which owns and operates WCAU-TV NBC 10.   Defendant, Comcast Corporation headquarters is located at One Comcast Center, 1701 John F Kennedy Blvd, Philadelphia, PA 19103.

11.     Defendant, Twenty-First Century Fox, Inc. ("Defendant, Twenty-First Century Fox, Inc."), is a diversified international media and entertainment company.   Fox Entertainment Group, Inc. is a subsidiary of Defendant, Twenty-First Century Fox, Inc., which owns and operates WTXF-TV FOX 29.   Defendant, Twenty-First Century Fox, Inc. headquarters is located at 1211 Avenue of the Americas, New York, New York.

12.     Defendant(s) John Doe Individuals 1-5 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Walgreen who are presently unknown but who are responsible for the harm that occurred to Plaintiffs. This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment.

(Defendant, Walgreen Co. and Defendants John Doe #1-5 are referred to herein collectively as "The Walgreen Co. Defendants").

13.   Defendant(s) John Doe Individuals 6-10 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Township who are presently unknown but who are responsible for the harm that occurred to Plaintiffs. This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment. (Defendant, Townships and Defendants John Doe #6-10 are referred to herein collectively as "The Township Defendants").

14.   Defendant(s) John Doe Individuals 11-15 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Police Department who are presently unknown but who are responsible for the harm that occurred to Plaintiffs.  This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment.  (Defendant, Police Department and Defendants John Doe 11-15 are referred to herein collectively as "The Police Department Defendants").

15.   Defendant(s) John Doe Individuals 16-20 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Gannett Co., Inc. who are presently unknown but who are responsible for the harm that occurred to

5

Plaintiffs. This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment. (Defendant, Gannett Co., Inc. and Defendants John Doe #16-20 are referred to herein collectively as "The Gannett Co., Inc. Defendants").

16.    Defendant(s) John Doe Individuals 21-25 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, CBS Corporation who are presently unknown but who are responsible for the harm that occurred to Plaintiffs. This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment. (Defendant, CBS Corporation and Defendants John Doe #21-25 are referred to herein collectively as "The CBS Corporation Defendants").

17.    Defendant(s) John Doe Individuals 26-30 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, The Walt Disney Company who are presently unknown but who are responsible for the harm that occurred to Plaintiffs. This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment. (Defendant, The Walt Disney Company and Defendants John Doe #26-30 are referred to herein collectively as "The Walt Disney Company Defendants").

18.     Defendant(s) John Doe Individuals 31-35 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Comcast Corporation who are presently unknown but who are responsible for the harm that occurred to Plaintiffs.  This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment.  (Defendant, Comcast Corporation and Defendants John Doe #31-35 are referred to herein collectively as "The Comcast Corporation Defendants").

19.     Defendant(s) John Doe Individuals 36-40 are fictitiously named individuals Defendants, all of whom are designed to represent and put on notice those owners, partners, employees and/or agents of Defendant, Twenty-First Century Fox, Inc. who are presently unknown but who are responsible for the harm that occurred to Plaintiffs.  This claim is being made against these John Doe Defendants personally as well as in their official capacity working in the course and scope of their employment.  (Defendant, Twenty-First Century Fox, Inc. and Defendants John Doe #36-40 are referred to herein collectively as "Twenty-First Century Fox, Inc. Defendants").

20.     Defendant(s) John Doe Corporations 40-45 are fictitiously named corporate Defendants, all of whom are designed to represent and put on notice those corporations, companies, partnerships, subdivision and entities who are presently unknown but who are responsible for the harm that occurred to Plaintiffs, jointly

and severally, and at all times relevant hereto, resided in or conducted business in the State of New Jersey on a regular, continuous and systematic basis.

21.    At all times material hereto, the conduct of Defendants, jointly and severally, resulted in injuries to Plaintiffs.

## III

## JURISDICTION AND VENUE

22.    The cause of action which form the basis for this matter arises under the common law of the state of New Jersey, the New Jersey Constitution, 42 U.S.C. §1983 (Section "1983") and the United States Constitution, including but not limited to, the Fourth and Fourteenth Amendment.

23.    Jurisdiction is founded upon 28 U.S.C. § 1331 and the aforementioned statutory and constitutional provisions.  Plaintiffs further invokes the pendent and supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to hear and decide any claim arising under state law.

24.    Venue lies in the United States District Court for the District of New Jersey  (Camden Vicinage) pursuant to 28 U.S.C. § 1391.

## IV
## FACTUAL ALEGATIONS

25.    Plaintiff, Desmond Newbill and Mary Burton-Newbill, have resided in the Camden City, Camden County, New Jersey for thirty-five (35) years and twenty-five (25) years respectively and are the parents of six (6) year old twins Eladan and Joisha  Newbill  Plaintiff, Desmond Newbill and Mary Burton-Newbill work full time as an "Attendance Officer" for the Camden City School District.

8

Their primary responsibility is to combat absenteeism and truancy among school-age youth who reside in the city of Camden. In addition to his their time employment, Plaintiff, Desmond Newbill was the General Manager for the non-profit organization Whitman Park Youth Development Group and Plaintiff, Mary Burton-Newbill was the Secretary. They both served as a youth mentor, youth baseball coaches and assistants to youth football program for over 20 years. Plaintiff, Desmond Newbill was the Camden County Coordinator for Marine "Toy for Tot Program" for the past five (5) year and Plaintiffs, Mary Burton-Newbill and Shawna Boyce were volunteers for the "Toys for Tot.Program for at least five (5) years." The Toy for Tot Program is s a national recognized program run by the United States Marine Corps Reserve. The mission of the U. S. Marine Corps Reserve "Toys for Tots Program" is to collect new, unwrapped toys during October, November and December each year, and distribute those toys as Christmas gifts to less fortunate children throughout Camden County. Plaintiffs, have enjoyed a relationship with thousands of families and youth throughout the years. Plaintiff, have during all this time enjoyed a good reputation, both generally and in the community at large.

26. On October 6, 2012, in preparation for the upcoming Christmas season, Defendant, Walgreen sent an email to the Marine "Toy for Tots Program" requesting toy bins be placed in all their store locations in Camden County including store #504 located at 504 Route 70 W., Cherry Hill, New Jersey.

9

27.    The "Toy for Tot Program" has enjoyed a relationship with Defendant, Walgreen for many years and has placed a toy bin in this particular store for more than 3 years.

28.    In October 2012, the Plaintiffs, Desmond Newbill and Mary Burton-Newbill placed the customary toy bin in the Walgreen store located at 504 Route 70 W., Cherry Hill, New Jersey.

29.    Between October 2012 and December 12, 2012, Plaintiffs made multiple trips to the Walgreen stores to empty the toy bins.

30.    During the course of Plaintiffs trips to empty the toy bin, Plaintiffs, always made their presence known upon entering the Walgreen store.

31.    . Plaintiffs, were well known to the Walgreen store managers and several Walgreen employees.

32.    On December 12, 2012, Plaintiff, Desmond Newbill and Shawna Boyce, upon entering Walgreen store #504 located at 504 Route 70 W., Cherry Hill, New Jersey, made their presence known to the Walgreen personnel at the cash registers, in the front of the store.  Plaintiffs, Desmond Newbill and Shawna Boyce were greeted as normal and proceeded to empty the toy bin as normal.

33.    On December 12, 2012, a Walgreen Pharmacist, located in the back of the store, noticed the Plaintiff, Desmond Newbill and Shawna Boyce on the surveillance camera emptying the toy bin.  The pharmacist for reasons unknown to Plaintiffs; assumed the Plaintiffs were stealing the toys out of the toy bin.  Instead of coming to the front of the store to ascertain the true nature of the Plaintiffs

actions and/or checking with the personnel at the cash registers and/or store manager, the Pharmacist call Defendant, Police Department and report the theft of the "Toys for Tot" toys.

34.   Defendant, Police Department upon arrival at the Walgreen store, questioned the pharmacist and took a statement and the surveillance video, which showed the Plaintiff, Desmond Newbill and Shawna Boyce's face and likeness. Defendant, Police Department determined that a theft had in fact occurred and without any formal investigation immediately proceeded to post the story about the theft on social media their "Facebook Page" along with the surveillance video.

35.   Defendant, Police Department also reported the theft to the local media Courier Post Newspaper, which is owned and operated by Defendant, Gannett Co., Inc., and others, and turned the surveillance video over to local television stations KYW-TV - CBS 3, which is owned by Defendant, CBS Corporation; WPVI-TV - ABC 6; which is owned by Defendant, The Walt Disney Company; and WCAU-TV - NBC 10 which is owned by Defendant, Comcast Corporation.

36.   The Courier Post Newspaper published the reported theft in their newspaper, and television stations KYW-TV - CBS 3; WPVI-TV - ABC 6; WCAU-TV - NBC 10 and WTXF-TV-FOX 29, reported the theft via a broadcast, which included the Walgreen surveillance video. The local media asked the community at large to assist them in locating Plaintiffs, Desmond Newbill and Shawna Boyce in order that they may be taken into custody.

37.     KYW-TV - CBS 3; WPVI-TV - ABC 6; WCAU-TV - NBC 10 and WTXF-TV-FOX 29, in their haste to make a dramatic statement in utter disregard of what this might mean to the Plaintiffs well-being, characterizing the Plaintiffs, in their broadcasts as the "Grinch That Stole Christmas."

38.     KYW-TV - CBS 3; WPVI-TV - ABC 6; WCAU-TV - NBC 10 and WTXF-TV-FOX 29, broadcast collectively reached millions of households.

39.     The Courier Post Newspaper's reported circulated numbers are 69,521 Monday thru Saturday and 82,911 on Sunday.

40.     Defendants and their owners, partners, employees, agents, corporations, companies, partnerships, subdivision and/or entities did nothing to insure the accuracy of their story and reporting and in their haste to make a mythical and hated Christmas character and story come to life distinguished the Plaintiffs, in such a way that was intended to cause harm to the Plaintiffs.

41.     Defendants' in their haste to make a mythical and hated Christmas character and story come to life failed to consider the damage that such a story would have on the Plaintiffs character, safety, mental state, and ability to function in the communities in which they work, live and serve.

42.     The entire statements, online post, news reports and television broadcast about Plaintiffs were false and certainly "The Grinch that Stole Christmas" was false, derogatory and done with malice, hatred, and ill will toward Plaintiffs and with the desire to injure them.

43.     The newspaper article is libelous and the television broadcast are slanderous on its face and it clearly exposed the Plaintiffs, to hatred, contempt, ridicule and obloquy, because it charges the Plaintiffs, with having committed the crime of stealing donated Christmas toys dedicated to underprivileged and underserved children.

44.     Plaintiff, Desmond Newbill and Mary Burton-Newbill received threatening telephone calls immediately after the published newspaper article and television broadcast. Plaintiffs, were ridiculed, and humiliated.

45.     Plaintiffs, Shawna Boyce received by the community and made to feel scared and uncomfortable by complete and total strangers while out in the public.

46.     Because of the backlash and hatred towards Plaintiffs, spewing from the community, Plaintiff, Desmond Newbill was advised by Plaintiff, mary Burton-Newbill and former Camden City Councilman Ali Sloan El to turn himself into Defendant, Police Department to clear his and Plaintiff, Shawna Boyce's name and to ease the unrest in the community.

47.     Plaintiff, Desmond Newbill was given no choice in this matter and for his own safety and the safety of Plaintiffs, Mary Burton-Newbill and Shawna Boyce turned himself into Defendant, Police Department to clear his and Plaintiff, Shawna Boyce's name.

48.     Defendant, Police Department reportedly received well over 100 phone calls and/or tips telling them where they could find the Plaintiff, Desmond Newbill to arrest him.

49.     Plaintiff, Desmond Newbill, while at the police station was threatened, harasses, ridiculed and further humiliated by Defendant, Police Department. Defendant, Police Department did not believe the Plaintiff, Desmond Newbill's worked for the Marine "Toys for Tot Program" and interrogated him as if he truly was the "Grinch that Stole Christmas."

50.     Plaintiff, Desmond Newbill in an attempt to clear his and Plaintiff, Shawna Boyce's name called via the telephone from the police station Retired Marine Corp Major General Keith Walker, the chairperson for the Camden County "Toys for Tot Program" in order to prove his innocence.

51.     Defendant, Police Department released Plaintiff, Desmond Newbill on the strength of Retired Marine Corp Major General Keith Walker's testimony.

52.     All Defendants, individually, jointly, severally, and in the alternative, and/or their owners, partners, employees, agents corporations, companies, partnerships, subdivision and entities after learning of the Plaintiffs innocence; attempted to shield their failure to follow proper police protocol and policies, journalistic ethics and standards, and store policy and procedures, prior to charging the Plaintiffs with the commission of a crime, fabricated, printed and broadcast the following retraction to the public and placed the blame on the Plaintiffs by falsely accusing them of not making themselves known to the Walgreen employees.

### Cherry Hill Police Say Pair Caught on Camera Weren't Stealing Donated Toys

"Cherry Hill Police have cancelled their search for two "toy thieves." Police originally put out surveillance photos of a man and a woman who made three quick trips into a Walgreen store on Route 70 at Grove

Street last week, taking toys from the "Toys for Tots" bin each time. Cherry Hill Police detective sergeant Joe Vitarelli says it turns out the two weren't Grinches after all. <u>The man was legitimately collecting for Toys for Tots but forgot to show Walgreen' employees his identification.</u>  "<u>He had forgotten to notify the storekeeper as per procedure that, 'Hey, I'm here to collect the gifts for Toys for Tots,' identify himself with an ID card and badge," Vitarelli tells KYW Newsradio. "He was so tired he had just forgotten.</u>"  Vitarelli says it's always good to report that a crime was not committed, especially at this time of year."

53.     The day after his release by Defendant, Police Department, Plaintiff, Desmond Newbill and Mary Burton-Newbill were called in for questioning by their full time work supervisor, Ms. Ramona Pearson-Hunter of the Camden City School District.  The supervisor was aware of the allegations against Plaintiffs, Desmond Newbill and Shawna Boyce.   Plaintiff, Desmond Newbill explained to Ms. Pearson-Hunter what had taken place.  Ms. Pearson-Hunter did not think it was a good idea for Plaintiff, Desmond Newbill to face the children at school under the current set of circumstances and advised Plaintiff, Desmond Newbill to take some time off and she would fill in for him, while they sorted things out.

54.     Plaintiffs attempted to resume their normal life in the community. Plaintiff Desmond Newbill and Mary Burton Newbill returned to the little league baseball field for practice with the kids and their parents.  Plaintiffs were met with skepticism and accusations from both the parents and children, who were calling the Plaintiff, Desmond Newbill the "Grinch that Stole Christmas."  Plaintiff, Desmond Newbill was advised by other coaches who were aware of the allegations against him to take some days off until the entire matter simmered down.

55.     Plaintiff, Mary Burton-Newbill, while delivering toys to needy children at the Early Childhood Development Center in Camden, New Jersey, where Plaintiff, Desmond Newbill and her children also attend, was greeted by a teacher who said her classroom full of children that they did not want stolen toys and refused to accept the toys to tots donations from Plaintiff, Mary Burton-Newbill.

56.     As a proximate result of the newspaper articles and television broadcasts, Plaintiffs suffered the loss of their reputation, shame, mortification, and injury to their feelings.

57.     The newspaper articles and television broadcasts were not privileged, because they were published by Defendants' with malice, hatred, and ill will toward Plaintiffs and the desire to injure them, in that Defendants' had expressed to millions of households a desire to "capture" Plaintiffs, because they were thieves and the "Grinch that Stole Christmas."

58.     Because of Defendants' malice in characterizing, publishing and broadcasting the story and the Plaintiffs likeness in such an inflammatory light, that the Defendants knew or should have known would jeopardize the Plaintiffs ability to move freely in the community and cause possible physical harm to the Plaintiffs, Plaintiffs seeks punitive damages in an amount to be established at trial.

59.     The true names of Defendants' John Doe Individually  #1-40 and John Doe Corporation #41-45, inclusive, are unknown to Plaintiffs at this time. Plaintiffs sues those Defendants' by such fictitious names pursuant to N.J. Civil Rule 4:26-4. Plaintiffs are informed and believe, and based on that information and belief, allege,

that each of the Defendants' designated as a John Doe Individually #1-40 and John Doe Corporation #41-45 are legally responsible for the events and happenings referred to in this complaint, and unlawfully caused the injuries and damages to Plaintiffs alleged in this complaint.

60.     Plaintiffs are informed and believe, and based on that information and belief, allege, that at all times mentioned in this complaint, Defendants' were the agents and employees of their Co-Defendants' and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

## COUNT I
### Intentional Defamation/Slander
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The Walgreen Co. Defendants

61.     Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

62.     At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

63.     Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by The Walgreen Co. Defendants.

64.     Beginning on or about December 12, 2012, The Walgreen Co. Defendants willfully and maliciously published scandalous and defamatory statements to others, including but not limited to, The Police Department Defendants, falsely accusing Plaintiffs of stealing Christmas toys from the "Toys for

Tot" toy bin at Defendant, Walgreen Co. Store #504, located at 504 Route 70 West, Cherry Hill, NJ 08035.

65.     The Walgreen Co. Defendants aforementioned statements and suggestions are defamatory and slanderous per se in that the communication contained wording charging the Plaintiffs with the commission of a crime.

66.     The statements made by The Walgreen Co. Defendants were false, defamatory, unprivileged, injurious to Plaintiffs good name, and continue to expose Plaintiffs to obloquy.

67.     The Walgreen Co. Defendants did not have the privilege to make the defamatory statements about Plaintiffs or abuse said privilege.

68.     The Walgreen Co. Defendants published false and defamatory statements as set forth herein and the suggestions and implications arising therefrom, were made with reckless disregard as to their truth or falsity and with malicious, intentional, and/or reckless disregard for the injury to the good name and reputation of Plaintiffs.

69.     The Walgreen Co. Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

70.     Plaintiffs have sustained damage as a result of The Walgreen Co. Defendants defamatory communications and are entitled to recover such damage as

will compensate them for the injury to their reputation, as well as for any and all damages and expenses resulting from The Walgreen Co. Defendants false and defamatory words.

71.     Plaintiffs are entitled to recover punitive award because The Walgreen Co. Defendants communicated defamatory statements to The Police Department Defendants and/or others with malice, intent to injure Plaintiffs and Plaintiffs reputation and employment, and/or in reckless disregard to Plaintiffs interest.

72.     No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against The Walgreen Co. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT II
### Negligent Defamation/Slander
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The Walgreen Co. Defendants

73.     Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

74.     At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

75.     Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by The Walgreen Co. Defendants.

76.     Beginning on or about December 12, 2012, The Walgreen Co. Defendants willfully and maliciously published scandalous and defamatory

statements to others, including but not limited to, The Police Department

Defendants, falsely accusing Plaintiffs of stealing Christmas toys from the "Toys for

Tot" toy bin at Defendant, Walgreen Co. Store #504, located at 504 Route 70 West,

Cherry Hill, NJ 08035.

77.    The Walgreen Co. Defendants failed to exercise due care to determine

the truth or falsity of the defamatory statements at issue.

78.    The Walgreen Co. Defendants defamatory words were intended to be

understood as discrediting Plaintiffs and damaging their reputation.

79.    The statements made by The Walgreen Co. Defendants were false,

defamatory, unprivileged, and/or injurious to Plaintiffs good name, and continue to

expose Plaintiffs to obloquy.

80.    The statements of The Walgreen Co. Defendants were not privileged or

abused said privilege.

81.    The Walgreen Co. Defendants aforementioned statements and

suggestions are defamatory and slanderous per se in that their communication

contained wording charging the Plaintiffs with the commission of a crime.

82.    The Walgreen Co. Defendants aforementioned statements as set forth

herein and the suggestions and implications arising therefrom were made with

knowledge of their falsity and/or with negligent disregard as to their truth or falsity

and with negligent disregard for the injury to the good name and reputation of

Plaintiffs.

83.     The Walgreen Co. Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

84.     Plaintiffs have sustained damages as a result of The Walgreen Co. Defendants defamatory communications and he is entitled to recover such damages as will compensate them for the injury to his reputation, as well as for any and all damages and expenses resulting from The Walgreen Co. Defendants false and defamatory words.

85.     Plaintiffs are entitled to recover punitive award because The Walgreen Co. Defendants communicated defamatory statements to The Police Department Defendants and/or others with malice, intent to injure Plaintiffs and Plaintiffs reputation and employment and/or in reckless disregard to Plaintiffs interest.

86.     No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against The Walgreen Co. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

**COUNT III**
**Invasion Of Privacy/False Light**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**The Walgreen Co. Defendants**

87.     Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

88. The publication by The Walgreen Co. Defendants of those statement described herein portrayed Plaintiffs in a false light, which was highly offensive to a reasonable person in that The Walgreen Co. Defendants knowingly, recklessly and or/negligently accused Plaintiffs of committing a crime and/or gave a discrete presentation of information in a fashion which made the publication as a whole susceptible to inferences that Plaintiffs appear before the public in an objectionable false light or false position.

89. The publication by The Walgreen Co. Defendants maliciously relayed that Plaintiffs committed a crime and were therefore criminals.

90. The Walgreen Co. Defendants acted negligently, recklessly, maliciously, and with knowledge and/or with reckless disregard as to whether Plaintiffs would be cast in a false light by The Walgreen Co. Defendants in their publication.

91. The statement given publicly by The Walgreen Co. Defendants about Plaintiffs were published with a reckless disregard as to whether the statements cast Plaintiffs in a false light and with intentional and reckless disregard for the injuries, which said statements would inflict upon Plaintiffs.

92. Plaintiffs endured injury to their right of privacy, injury to reputation, mental suffering, and shame, and humiliation as a result of the publications and The Walgreen Co. Defendants realized, and/or should have realized, that Plaintiffs would be harmed by such publications.

93.     Plaintiffs are entitled to recover such damages as will compensate them for the injuries received as a result of the invasion of his privacy, as well as for any and all financial losses and expenses resulting from The Walgreen Co. Defendants publications of matters placing them in a false light.

94.     The Walgreen Co. Defendants publications of matters placing Plaintiffs in a false light warrants an award of punitive damages because The Walgreen Co. Defendants conduct was in reckless disregard of Plaintiffs right of privacy and was malicious, outrageous and the result of improper motive.

95.     Plaintiffs are entitled to recover an award of punitive damage as a result of The Walgreen Co. Defendants outrageous conduct in order to punish The Walgreen Co. Defendants for their invasion of Plaintiffs privacy and deter them and others from repetition of similar invasions of privacy in the future.

96.     No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demands judgment against The Walgreen Co. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT IV
### Intentional Infliction of Emotional Distress
### All Plaintiffs vs. The Walgreen Co. Defendants

97.     Plaintiff, Desmond Newbill realleges and incorporates by reference as though fully set forth herein the allegations set forth in the above paragraphs.

98.     The above described improper and tortuous acts were carried out by The Walgreen Co. Defendants and/or employees of Defendant, Walgreen Co. acting in the course and scope of their employment.

99.     The conduct of the The Walgreen Co. Defendants was extreme and outrageous.

100.    The conduct of The Walgreen Co. Defendants was intentional in causing and producing emotional distress and/or The Walgreen Co. Defendants acted in deliberate disregard of a high probability that emotional distress would occur and/or The Walgreen Co. Defendants were substantially certain that such harm would occur.

101.    The conduct of The Walgreen Co. Defendants caused Plaintiffs to suffer emotional distress that no reasonable person could be expected to endure.

102.    The Walgreen Co. Defendants acted with actual malice and/or with a wanton and willful disregard of person who might foreseeably be harmed by their acts or omissions and the imposition of punitive damages are warranted.

103.    As a direct and proximate result of The Walgreen Co. Defendants tortuous conduct, Plaintiffs have suffered the injuries; damages and losses set forth herein, including severe emotional distress and has incurred attorney fees and costs.

104.    Plaintiffs are now suffering and will continue to suffer irreparable injuries and monetary damages as a result of The Walgreen Co. Defendants

intentional infliction of emotional distress unless the Court grants the relief requested herein.

105.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against the The Walgreen Co. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT V
### Negligent Infliction of Emotional Distress
### All Plaintiffs vs. The Walgreen Co. Defendants

106.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

107.   The above described improper and tortuous acts were carried out by The Walgreen Co. Defendants and/or employees of Defendant, Walgreen Co. acting within the course and scope of their employment.

108.   The Walgreen Co. Defendants conduct breached a duty owed by The Walgreen Co. Defendants to Plaintiffs.

109.   The Walgreen Co. Defendants failed to exercise ordinary care in causing and producing Plaintiffs emotional distress.

110.   Plaintiffs emotional distress was a probable and foreseeable consequence of The Walgreen Co. Defendants conduct.

111.   The Walgreen Co. Defendants conduct caused Plaintiffs to suffer emotional distress that no reasonable person could be expected to endure.

112.    The Walgreen Co. Defendants acted with malice and/or with a wanton and willful disregard of person who might forseeably be harmed by their acts or omissions and the imposition of punitive damages is warranted.

113.    As a direct and proximate result of The Walgreen Co. Defendants tortuous conduct, Plaintiffs have suffered the injuries; damages and losses set forth herein, including severe emotional distress and has incurred attorney fees and costs.

114.    Plaintiffs are now suffering and will continue to suffer irreparable injuries and monetary damages as a result of The Walgreen Co. Defendants negligent infliction of emotional distress unless the Court grants the relief requested herein.

115.    No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against the The Walgreen Co. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT VI
### False Imprisonment
### Plaintiff, Desmond Newbill vs. The Walgreen Co. Defendants

116.    Plaintiff, Desmond Newbill realleges and incorporates by reference as though fully set forth herein the allegations set forth in the above paragraphs.

117.    The above described improper and tortious acts were carried out by the The Walgreen Co. Defendants and/or employees of Defendant, Walgreen Co. acting

within the course and scope of their employment, whose acts were motivated, at least in part, in furtherance of Defendant, Walgreen Co. business.

118.   The Walgreen Co. Defendants by the above improper and unlawful acts, falsely imprisoned Plaintiff, Desmond, Newbill.

119.   Defendants', actions were intentional and willful.

120.   The Walgreen Co. Defendants actions were intended to restrain Plaintiff, Desmond Newbill.

121.   The Walgreen Co. Defendants Desmond Newbill was detained against his own will.

122.   The Walgreen Co. Defendants detention of Plaintiff, Desmond Newbill was done without proper legal authority and/or legal justification.

123.   As a direct and proximate result of The Walgreen Co. Defendants tortuous conduct, Plaintiff, Desmond Newbill has suffered the injuries, damages and losses set forth herein.

124.   Plaintiff, Desmond Newbill is now suffering and will continue to suffer irreparable injuries as a result of the Defendants' unlawful acts.

125.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiff, Desmond Newbill, demands judgment against The Walgreen Co. Defendants compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT VII
### Intentional Defamation/Libel
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The Gannett Co., Inc. Defendants

126.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

127.   At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

128.   Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by The Gannett Co., Inc. Defendants.

129.   Beginning on or about December 12, 2012, The Gannett Co., Inc. Defendants intentionally and/or with reckless disregard published a scandalous and defamatory article falsely stating as a matter of fact that Plaintiffs stole Christmas toys from the "Toys for Tot" toy bin at Defendant, Walgreen Co. store #504, located at 504 Route 70 West, Cherry Hill, NJ 08035.

130.   The Gannett Co., Inc. Defendants failed to exercise due care to determine the truth or falsity of the defamatory statements at issue.

131.   The Gannett Co., Inc. Defendants defamatory words were intended to be understood as discrediting Plaintiffs and damaging their reputation.

132.   The Gannett Co., Inc. Defendants aforementioned statements are defamatory and slanderous per se in that the communication contained words charging Plaintiffs with the commission of a crime and directing the public where to go to see photos of Plaintiffs.

133. The statements in the article published by The Gannett Co., Inc. Defendants were false, defamatory, unprivileged, injurious to Plaintiffs good name, and continue to expose Plaintiffs to obloquy.

134. The Gannett Co., Inc. Defendants did not have the privilege to make the defamatory statements about Plaintiffs or abuse said privilege.

135. The Gannett Co., Inc. Defendants published false and defamatory statements as set forth herein and the suggestions and implications arising therefrom, with knowledge of their falsity and/or with reckless disregard as to their truth or falsity and with malicious, intentional, and/or reckless disregard for the injury to the good name and reputations of Plaintiffs.

136. The Gannett Co., Inc. Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

137. Plaintiffs have sustained damages as a result of The Gannett Co., Inc. Defendants defamatory communications and are entitled to recover such damages as will compensate them for the injury to their reputation, as well as for any and all damages and expenses resulting from The Gannett Co., Inc. Defendants false and defamatory words.

138. Plaintiffs are entitled to recover a punitive award because The Gannett Co., Inc. Defendants published the article with malice, intent to injure Plaintiffs

and Plaintiffs reputation and employment, and/or in reckless disregard to Plaintiffs interest.

139. No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against The Gannett Co., Inc. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

**COUNT VIII**
**Negligent Defamation/Libel**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**The Gannett Co., Inc. Defendants**

140. Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

141. At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

142. Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by The Gannett Co., Inc. Defendants.

143. Beginning on or about December 12, 2012, The Gannett Co., Inc. Defendants negligently and/or with reckless disregard published a scandalous and defamatory article falsely stating as a matter of fact that Plaintiffs stole Christmas toys from the "Toys for Tot" toy bin at Defendant, Walgreen Co. store #504, located at 504 Route 70 West, Cherry Hill, NJ 08035.

144.   The Gannett Co., Inc. Defendants failed to exercise due care to determine the truth or falsity of the defamatory statements at issue.

145.   The Gannett Co., Inc. Defendants defamatory words were intended to be understood as discrediting Plaintiffs and damaging their reputation.

146.   The Gannett Co., Inc. Defendants aforementioned statements are defamatory and slanderous per se in that the communication contained words charging the Plaintiffs with the commission of a crime and directing the public where to go to see photos of Plaintiffs.

147.   The statements in the article published by The Gannett Co., Inc. Defendants were false, defamatory, unprivileged, injurious to Plaintiffs good name, and continue to expose Plaintiffs to obloquy.

148.   The Gannett Co., Inc. Defendants did not have the privilege to make the defamatory statements about Plaintiffs or abuse said privilege.

149.   The Gannett Co., Inc. Defendants published false and defamatory statements as set forth herein and the suggestions and implications arising therefrom, with knowledge of their falsity and/or with negligent and/or reckless disregard as to their truth or falsity and with malicious, intentional, negligent and/or reckless disregard for the injury to the good name and reputations of Plaintiffs.

150.   The Gannett Co., Inc. Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them

the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

151.   Plaintiffs have sustained damages as a result of The Gannett Co., Inc. Defendants defamatory communications and are entitled to recover such damages as will compensate them for the injury to their reputation, as well as for any and all damages and expenses resulting from The Gannett Co., Inc. Defendants false and defamatory words.

152.   Plaintiffs are entitled to recover a punitive award because The Gannett Co., Inc. Defendants published the article with malice, intent to injure Plaintiffs and Plaintiffs reputation and employment, and/or in negligent and/or reckless disregard to Plaintiffs interest.

153.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against The Gannett Co., Inc. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

**COUNT IX**
**Invasion Of Privacy/False Light**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**The Gannett Co., Inc. Defendants**

154.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

155.   The publication by The Gannett Co., Inc. Defendants of those statement described herein portrayed Plaintiffs in a false light, which was highly offensive to a reasonable person in that The Gannett Co., Inc. Defendants

knowingly, recklessly and or/negligently accused Plaintiffs of committing a crime and/or gave a discrete presentation of information in a fashion which made the publication as a whole susceptible to inferences that Plaintiffs appear before the public in an objectionable false light or false position.

156.    The publication by The Gannett Co., Inc. Defendants maliciously relayed that Plaintiffs committed a crime and were therefore criminals.

157.    The Gannett Co., Inc. Defendants acted negligently, recklessly, maliciously, and with knowledge and/or with reckless disregard as to whether Plaintiffs would be cast in a false light by The Gannett Co., Inc. Defendants in their publication.

158.    The statement given publicly by The Gannett Co., Inc. Defendants about Plaintiffs were published with a reckless disregard as to whether the statements cast Plaintiffs in a false light and with intentional and reckless disregard for the injuries, which said statements would inflict upon Plaintiffs.

159.    Plaintiffs endured injury to their right of privacy, injury to reputation, mental suffering, and shame, and humiliation as a result of the publications and The Gannett n Company Defendants realized, and/or should have realized, that Plaintiffs would be harmed by such publications.

160.    Plaintiffs are entitled to recover such damages as will compensate them for the injuries received as a result of the invasion of his privacy, as well as for any and all financial losses and expenses resulting from The Gannett Co., Inc. Defendants publications of matters placing them in a false light.

161.   The Gannett Co., Inc. Defendants publications of matters placing Plaintiffs in a false light warrants an award of punitive damages because The Gannett Co., Inc. Defendants conduct was in reckless disregard of Plaintiffs right of privacy and was malicious, outrageous and the result of improper motive.

162.   Plaintiffs are entitled to recover an award of punitive damages as a result of The Gannett Co., Inc. Defendants outrageous conduct in order to punish The Gannett Co., Inc. Defendants for their invasion of Plaintiffs privacy and deter them and others from repetition of similar invasions of privacy in the future.

163.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against The Gannett Co., Inc. Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

**COUNT X**
**Intentional Defamation/Slander**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**The CBS Corporation Defendants,**
**The Walt Disney Company Defendants, and**
**The Comcast Corporation Defendants**
**The Twenty-First Century Fox, Inc. Defendants**

164.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

165.   At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

166.   Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by the Defendants.

167.   Beginning on or about December 12, 2012, the Defendants intentionally and/or with reckless disregard broadcast a scandalous and defamatory statements and video falsely stating as a matter of fact that Plaintiffs stole Christmas toys from the "Toys for Tot" toy bin at Defendant, Walgreen Co. store #504, located at 504 Route 70 West, Cherry Hill, NJ 08035, and were the "Grinch that Stole Christmas."

168.   The Defendants failed to exercise due care to determine the truth or falsity of the defamatory statements at issue.

169.   The Defendants defamatory broadcast and statements were intended to be understood as discrediting Plaintiffs and damaging their reputation.

170.   The Defendants aforementioned broadcast and statements are defamatory and slanderous per se in that the communication contained words charging Plaintiffs with the commission of a crime, and mischaracterizing them as a hated fictitious character.

171.   The statements broadcasts by the Defendants were false, defamatory, unprivileged, and injurious to Plaintiffs good name, and continue to expose Plaintiffs to obloquy.

172.   The Defendants did not have the privilege to make the defamatory statements about Plaintiffs or abuse said privilege.

173.    The Defendants broadcast false and defamatory statements as set forth herein and the suggestions and implications arising therefrom, with knowledge of their falsity and/or with reckless disregard as to their truth or falsity and with malicious, intentional, and/or reckless disregard for the injury to the good name and reputations of Plaintiffs.

174.    The Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them the title of being the "Grinch that Stole Christmas" and the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

175.    Plaintiffs have sustained damages as a result of The Defendants defamatory communications and are entitled to recover such damages as will compensate them for the injury to their reputation, as well as for any and all damages and expenses resulting from the Defendants false and defamatory words.

176.    Plaintiffs are entitled to recover a punitive award because the Defendants broadcast the statements with malice, intent to injure Plaintiffs and Plaintiffs reputation and employment, and/or in reckless disregard to Plaintiffs interest.

177.    No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demands judgment against the Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT XI
### Negligent Defamation/Slander
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The CBS Corporation Defendants,
### The Walt Disney Company Defendants, and
### The Comcast Corporation Defendants
### The Twenty-First Century Fox, Inc. Defendants

178.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

179.   At all times relevant hereto, Plaintiffs have been private figures who have not thrust themselves into any public controversy as defined by law.

180.   Plaintiffs were esteemed and accepted among others to whom Plaintiffs were known to be persons of good name and credit, prior to commission of the acts by the Defendants.

181.   Beginning on or about December 12, 2012, the Defendants negligently and/or with reckless disregard broadcast a scandalous and defamatory statements and video falsely stating as a matter of fact that Plaintiffs were the "Grinch that Stole Christmas" and stole Christmas toys from the "Toys for Tot" toy bin at Defendant, Walgreen Co. store #504, located at 504 Route 70 West, Cherry Hill, NJ 08035.

182.   The Defendants failed to exercise due care to determine the truth or falsity of the defamatory statements at issue.

183.   The Defendants defamatory words were intended to be understood as discrediting Plaintiffs and damaging their reputation.

184.   The Defendants aforementioned statements are defamatory and slanderous per se in that the communication contained words charging the Plaintiffs with the commission of a crime, and mischaracterizing them as the "Grinch that Stole Christmas".

185.   The statements broadcast by the Defendants were false, defamatory, unprivileged, injurious to Plaintiffs good name, and continue to expose Plaintiffs to obloquy.

186.   The Defendants did not have the privilege to make the defamatory statements about Plaintiffs or abuse said privilege.

187.   The Defendants broadcast false and defamatory statements as set forth herein and the suggestions and implications arising therefrom, with knowledge of their falsity and/or with negligent and/or reckless disregard as to their truth or falsity and with malicious, intentional, negligent and/or reckless disregard for the injury to the good name and reputations of Plaintiffs.

188.   The Defendants aforementioned false and defamatory statements and suggestions have severely tarnished Plaintiffs excellent reputation, exposed them to public hatred and obloquy, and falsely ascribed to them the title of being the "Grinch that Stole Christmas" and the crime of stealing Christmas toys designated for underprivileged and underserved children, as well as a lack of decency, integrity, and responsibility.

189.   Plaintiffs have sustained damages as a result of the Defendants defamatory communications and are entitled to recover such damages as will compensate them for the injury to their reputation, as well as for any and all damages and expenses resulting from the Defendants false and defamatory words.

190.   Plaintiffs are entitled to recover a punitive award because the Defendants published the article with malice, intent to injure Plaintiffs and Plaintiffs reputation and employment, and/or in negligent and/or reckless disregard to Plaintiffs interest.

191.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

<u>**COUNT XII**</u>
**Invasion Of Privacy/False Light**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**The CBS Corporation Defendants,**
**The Walt Disney Company Defendants, and**
**The Comcast Corporation Defendants**
**The Twenty-First Century Fox, Inc. Defendants**

192.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

193.   The broadcast by the Defendants of those statement described herein portrayed Plaintiffs in a false light, which was highly offensive to a reasonable person in that the Defendants knowingly, recklessly and or/negligently accused Plaintiffs of committing a crime and/or gave a discrete presentation of information

in a fashion which made the publication as a whole susceptible to inferences that Plaintiffs appear before the public in an objectionable false light or false position.

194.   The publication by the Defendants maliciously relayed that Plaintiffs committed a crime and was therefore a criminal.

195.   The Defendants acted negligently, recklessly, maliciously, and with knowledge and/or with reckless disregard as to whether Plaintiffs would be cast in a false light by the Defendants in their broadcast.

196.   The statements given publicly by the Defendants about Plaintiffs were broadcast with a reckless disregard as to whether the statements cast Plaintiffs in a false light and with intentional and reckless disregard for the injuries, which said statements would inflict upon Plaintiffs.

197.   Plaintiffs endured injury to their right of privacy, injury to reputation, mental suffering, and shame, and humiliation as a result of the broadcasts and the Defendants realized, and/or should have realized, that Plaintiffs would be harmed by such broadcasts.

198.   Plaintiffs are entitled to recover such damages as will compensate them for the injuries received as a result of the invasion of his privacy, as well as for any and all financial losses and expenses resulting from the Defendants broadcasts of matters placing them in a false light.

199.   The Defendants broadcasts of matters placing Plaintiffs in a false light warrants an award of punitive damages because the Defendants conduct was in

reckless disregard of Plaintiffs right of privacy and was malicious, outrageous and the result of improper motive.

200.   Plaintiffs are entitled to recover an award of punitive damages as a result of the Defendants outrageous conduct in order to punish the Defendants for their invasion of Plaintiffs privacy and deter them and others from repetition of similar invasions of privacy in the future.

201.   No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

## COUNT XIII
### Violation Of Constitutional Rights – Section 1983
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The Police Department Defendants, and
### The Township Defendants

202.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

203.   The Defendants as a matter of custom, policy, and/or practice, have intentionally and deliberately failed to adequately train, supervise, or discipline or otherwise direct police officers concerning allegations, false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, thereby causing, encouraging and condoning the individual Defendants, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described herein.

204.   The Defendants as a matter of custom, policy and/or practice, have intentionally and deliberately failed to establish any effective mechanism for investigating, evaluating, reviewing or resolving allegations, false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, and for immediately stopping such illegal conduct by officers of Defendants thereby causing, encouraging and condoning the individual Defendants, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described above.

205.   The Defendants as a matter of custom, policy and/or practice, have intentionally and deliberately failed to sanction or discipline police officers, including the individual Defendants, John Doe 11-15 in this case, for acts of false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, thereby causing, encouraging and condoning the individual Defendant, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described above.

206.   The Defendants' highest policymaking officials or their delegates have failed to take effective and appropriate action to stop such acts of false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process and to discipline the officers responsible therefore, thereby condoning, supporting and, in that manner, participating in the illegal actions that were perpetuated against the Plaintiffs.

207.   The foregoing acts and failures to act by the Defendants deprived Plaintiffs of, and manifested a deliberate indifference to, the rights, privileges and immunities secured for Plaintiffs under 42 U.S.C. § 1983, the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

208.   Plaintiffs seeks such damages allowable under 42 U.S.C., § 1983 from the Defendants including, but not limited to:

    a)  that the Court and jury enter a verdict for Plaintiffs and find that Defendants' have harmed Plaintiffs in violation of 42 U.S.C. § 1983;

    b)  that the jury award Plaintiffs such compensatory and punitive damages as are allowed at law;

    c)  that the jury and the Court award such actual and nominal damages as are allowed at law; and,

    d)  that the Court award such attorney fees, costs and expenses, pre and post judgment interest and delay damages as are allowable by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, Police Department and Defendant, Township for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this court deems appropriate.

## COUNT XIV
### Violation Of New Jersey Constitution
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### The Police Department Defendants, and
### The Township Defendants

209.    Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

210.    The Defendants as a matter of custom, policy, and/or practice, have intentionally and deliberately failed to adequately train, supervise, or discipline or otherwise direct police officers concerning allegations, false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, thereby causing, encouraging and condoning the individual Defendants, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described herein,

211.    The Defendants as a matter of custom, policy and/or practice, have intentionally and deliberately failed to establish any effective mechanism for investigating, evaluating, reviewing or resolving allegations, false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, and for immediately stopping such illegal conduct by officers of Defendants thereby causing, encouraging and condoning the individual Defendants, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described above.

212.    The Defendants as a matter of custom, policy and/or practice, have intentionally and deliberately failed to sanction or discipline police officers,

including the individual Defendants, John Doe 11-15 in this case, for acts of false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process, thereby causing, encouraging and condoning the individual Defendants, John Doe 11-15 in this case to engage in the unlawful and constitutionally impermissible conduct described above.

213.   The Defendants highest policymaking officials or their delegates have failed to take effective and appropriate action to stop such acts of false arrest, false imprisonment, malicious prosecution, posting on social media, and/or malicious abuse of process and to discipline the officer responsible therefore, thereby condoning, supporting and, in that manner, participating in the illegal actions that were perpetuated against the Plaintiffs.

214.   The foregoing acts and failures to act by the Defendants deprived Plaintiffs of, and manifested a deliberate indifference to, the rights, privileges and immunities secured for Plaintiffs under Article I, Paragraph 7 and 8 of the New Jersey Constitution ("NJ Constitution").

215.   Plaintiffs seeks such damages allowable under NJ Constitution from the Defendants including, but not limited to:

e)   that the Court and jury enter a verdict for Plaintiffs and find that Defendants' have harmed Plaintiffs in violation of the NJ Constitution;

f)   that the jury award Plaintiffs such compensatory and punitive damages as are allowed at law;

45

g) that the jury and the Court award such actual and nominal damages as are allowed at law; and,

h) that the Court award such attorney fees, costs and expenses, pre and post judgment interest and delay damages as are allowable by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Police Department and Defendants Township for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this court deems appropriate.

### COUNT XV
### False Imprisonment
### Plaintiff, Desmond Newbill vs. The Police Department Defendants, and The Township Defendants

216. Plaintiff, Desmond Newbill realleges and incorporates by reference as though fully set forth herein the allegations set forth in the above paragraphs.

217. The above described improper and tortious acts were carried out by the Defendants and/or employees of Defendants acting within the course and scope of their employment, whose acts were motivated, at least in part, in furtherance of Defendants business.

218. The Defendants by the above improper and unlawful acts, falsely imprisoned Plaintiff, Desmond, Newbill.

219. Defendants actions were intentional and willful.

220. The Defendants actions were intended to restrain Plaintiff, Desmond Newbill.

221. The Plaintiff, Desmond Newbill was detained against his own will.

222. The Defendants detention of Plaintiff, Desmond Newbill was done without proper legal authority and/or legal justification.

223. As a direct and proximate result of the Defendants tortuous conduct, Plaintiff, Desmond Newbill has suffered the injuries, damages and losses set forth herein.

224. Plaintiff, Desmond Newbill is now suffering and will continue to suffer irreparable injuries as a result of the Defendants' unlawful acts.

225. No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiff, Desmond Newbill, demands judgment against The Walgreen Co. Defendants compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

### COUNT XVI
**Violation of Constitutional Rights – Section 1983**
**Plaintiffs, Desmond Newbill and Shawna Boyce vs.**
**Defendants, John Doe Individually 11-15**

226. Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

227. At all times material hereto, the actions and conduct of Defendants, John Doe Individually 11-15 were committed under color of the law and under the color of their authority as police officers, detectives and/or supervisors of the Defendant, Police Department and Defendant, Township and were done with gross negligence, recklessness, and willfulness.

228.   The aforesaid acts and failures to act by Defendants, John Doe Individually 11-15 deprived Plaintiffs of, and manifested a deliberate indifference to the rights, privileges and immunities secured for Plaintiff, Desmond Newbill under 42 U.S.C. § 1983, the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

229.   The aforesaid acts and failures to act by Defendants, John Doe Individually 11-15 were outrageous, wanton, malicious, intentional and/or motivated by ill will and justify the imposition of punitive damages to deter said Defendants, John Doe Individually 11-15 and others similarly situated from like acts in the future.

230.   Plaintiffs seek such damages allowable under 42 U.S.C. § 1983 from Defendants, John Doe Individually 11-15  including, but not limited to:

   i)   that the Court and jury enter a verdict for Plaintiffs and find that Defendants, John Doe Individually 11-15 have harmed Plaintiffs by violating 42 U.S.C. § 1983;

   j)   that the jury award Plaintiffs such compensatory and punitive damages allowable at law;

   k)   that the jury and the Court award such actual and nominal damages as are allowed at law;

   l)   that the Court award such attorney's fees, costs, and expenses, pre and post judgment interest and delay damages as are allowable by law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, John Does Individually 11-15 for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this court deems appropriate.

## COUNT XVII
### Violation of New Jersey Constitution
### Plaintiffs, Desmond Newbill and Shawna Boyce vs.
### Defendants, John Doe Individually 11-15

231.   Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

232.   At all times material hereto, the actions and conduct of Defendants, John Doe Individually 11-15 were committed under color of the law and under the color of their authority as police officers, detectives and/or supervisors of the Defendant, Police Department and Defendant, Township and were done with gross negligence, recklessness, and willfulness.

233.   The aforesaid acts and failures to act by Defendants, John Doe Individually 11-15 deprived Plaintiffs of, and manifested a deliberate indifference to the rights, privileges and immunities secured for Plaintiffs under Article I, Paragraph 7 and 8 of the New Jersey Constitution ("NJ Constitution").

234.   The aforesaid acts and failures to act by Defendants, John Doe Individually 11-15 were outrageous, wanton, malicious, intentional and/or motivated by ill will and justify the imposition of punitive damages to deter said

Defendants, John Doe Individually 11-15 and others similarly situated from like acts in the future.

235.   Plaintiffs seeks such damages allowable under the NJ Constitution from Defendants, John Doe Individually 11-15 including, but not limited to:

m) that the Court and jury enter a verdict for Plaintiffs and find that Defendants, John Doe Individually 11-15 have harmed Plaintiffs by violating the NJ Constitution;

n) that the jury award Plaintiffs such compensatory and punitive damages allowable at law;

o) that the jury and the Court award such actual and nominal damages as are allowed at law;

p) that the Court award such attorney fees, costs, and expenses, pre and post judgment interest and delay damages as are allowable by law.

**WHEREFORE**, Plaintiffs demands judgment against Defendants, John Doe Individually 11-15 for compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this court deems appropriate.

### COUNT XVIII
### Loss Of Consortium
### Plaintiff, Mary Burton-Newbill vs. All Defendants

236.   Plaintiff, Mary Burton-Newbill realleges and incorporates by reference as though fully set forth herein the allegations set forth in the above paragraphs.

237.    At the time of the tortious actions complained of in the Complaint, the Plaintiffs were commonly married and the Plaintiffs continue to be legally married and have two children together who have been injured as they have been the subject to ridicule at the Early Childhood Development Center in Camden, New Jersey, where the children attend school.

238.    That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

239.    That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

240.    No previous application has been made for the relief requested herein.

**WHEREFORE**, Plaintiff, Mary Burton-Newbill, demands judgment against All Defendants, compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

### COUNT XIX
**Prima Facie Tort**
**All Plaintiffs vs. All Defendants**

241.    Plaintiffs reallege and incorporate by reference as though fully set forth herein the allegations set forth in the above paragraphs.

242.   The above described improper and tortious acts were carried out by the Defendants and/or employees of Defendants acting within the course and scope of their employment.

243.   The Defendants conduct was intentional in causing and producing the injury and/or the Defendants acted in deliberate disregard of a high probability that injury would occur and/or Defendants were substantially certain that injury would occur to Plaintiffs.

244.   As a direct and proximate result of Defendants tortious conduct, Plaintiffs have sustained the injuries, damages, and losses set forth herein.

245.   The Defendants' acted without justification and/or with insufficient justification in the acts alleged above.

**WHEREFORE,** Plaintiffs demand judgment against All Defendants compensatory and punitive damages together with interest, jointly and severally, and such other and further relief as this Court deems appropriate.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury of all issues triable by jury.

Dated:  December 12, 2013:

**RICHMAN, BERENBAUM & ASSOCIATES, PC**

By:   _____
JUSTIN M. COHEN, ESQUIRE
I.D. # 000852012
Attorney for Plaintiffs